UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ARCHIE M. TATE, | § | |
| #02275440, | § | |
| | § | |
| Plaintiff, | § | |
| | § | SA-23-CV-0723-JKP |
| v. | § | |
| | § | |
| OVATION SERVICES; TERESA L. | § | |
| HENSLEE; ET AL.; | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Before the Court is the 42 U.S.C. § 1983 civil rights amended complaint ("Section 1983 Amended Complaint") filed by Plaintiff Archie M. Tate ("Plaintiff" or "Tate"), who is proceeding *pro se*. (ECF No. 9). Also pending is Tate's second Application to Proceed in Forma Pauperis ("IFP") (ECF No. 8). Upon consideration, Plaintiff's second Application to Proceed IFP is **DISMISSED AS MOOT** (ECF No. 8)[1] and his Section 1983 Amended Complaint (ECF No. 9) is **DISMISSED WITH PREJUDICE** pursuant to §§ 1915(e)(2)(B)(i)-(iii) and 1915A(b) of Title 28 of the United States Code for failure to state a non-frivolous claim.

### BACKGROUND

In 2018, Tate was convicted of delivery of a controlled substance PG1 L/1G (cocaine). He was sentenced to sixteen years' confinement and is currently confined at the Bradshaw Unit in Henderson, Texas.

---

[1] The Court granted Tate's first motion to proceed IFP on June 9, 2023. (ECF No. 7). Even though Plaintiff was granted leave to proceed IFP, a prisoner who brings a civil lawsuit IFP is subject to paying an initial partial filing fee, and thereafter, monthly payments until the total **$350.00** filing fee is paid in full.

On May 8, 2023, Tate executed a Section 1983 Complaint alleging his home was foreclosed on after he defaulted on a $5,000.00 loan obtained through Ovation Tax Lender Services. (ECF No. 1 at 4). Plaintiff stated he was assured by the notary, Teresa L. Henslee and a corporate representative that Plaintiff's home would not be foreclosed on if he defaulted on his loan. (*Id.*). Based on the foregoing, Plaintiff purported to sue Ovation Holdings, LLC; Teresa L. Henslee; and Ovation Services pursuant to Section 1983. (*Id.*).

On June 9, 2023, Plaintiff was ordered to show cause why his complaint should not be dismissed pursuant to §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1), for failure to state a non-frivolous claim, by filing an amended complaint that cured the deficiencies noted in the Court's Order. (ECF No. 7). Tate was advised that to state a Section 1983 action, he must allege a violation of his constitutional rights and further, must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff was told the named Defendants, Ovation Holdings LLC, Ovation Services and Teresa L. Henslee were not state actors but private parties and therefore, could not be sued under Section 1983 unless Plaintiff demonstrated their conduct was "fairly attributable to the State." (*Id.* at 5). Tate was also informed that to establish fair attribution, he must show: (1) the alleged deprivation was caused by the exercise of some rights or privilege created by the state or by a rule of conduct imposed by the state, or by a person for whom the state is responsible; and (2) that the party charged with the deprivation may fairly be said to be a state actor. *Id.*

Although Plaintiff amended his complaint, he continues to name as Defendants Ovation Services LLC and Ovation Holding LLC. (ECF No. 9). He also names Marcia Pastrana, the attorney for Ovation; and the Jim Rudd Unit law library. (*Id.*). Plaintiff again asserts that his

homestead and its contents were auctioned off after he failed to pay a loan despite being told his home would not be foreclosed upon. (*Id.*). The Court construes his civil rights claim as one alleging the denial of the right to due process because on the fact that Tate complains he was not allowed to attend either the default hearing on October 24, 2019, or the foreclosure proceeding on September 22, 2020. (*Id.* at 4). Plaintiff also purports to sue the Jim Rudd law library for not advising all participants that Tate had permission to use the phone. (*Id.* at 3). Tate purports to sue the Defendants in their individual and official capacity and seeks $400,000.00 in damages for the loss of his home and its contents.

## LEGAL STANDARD

According to 28 U.S.C. § 1915A(b)(1), this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed IFP at any time if it is determined the action is (i) frivolous or malicious or (ii) fails to state a claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted). A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is

3

'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28).

In evaluating whether a complaint states a claim under §§ 1915A(b)(1) and 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

## DISCUSSION

While Plaintiff's claim is not frivolous per se, it was filed in federal court as a Section 1983 action. Consequently, Plaintiff is required to show that a person acting under color of state law violated Plaintiff's constitutional rights. In his amended complaint, Plaintiff does not name a state actor. Nor has Plaintiff alleged facts to establish fair attribution, which requires a showing that: (1) the alleged deprivation was caused by the exercise of some rights or privilege created by the state or by a rule of conduct imposed by the state, or by a person for whom the state is responsible; and (2) that the party charged with the deprivation may fairly be said to be a state actor. *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017).

Plaintiff also names the Jim Rudd Unit law library. (ECF No. 8). However, the law library is also not a person capable of being sued pursuant to Section 1983. *West*, 487 U.S. at 48. In any event, Plaintiff has not alleged a constitutional violation with respect to the law library.

Moreover, Plaintiff's claims appear to be barred by the statute of limitations. Claims brought under Section 1983 must be filed within two years from the date a plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured. *See Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018); *Piotrowski v. City of Houston*, 51 F.3d 512, 515–16 (5th Cir. 1995). In this case, Plaintiff attaches documents indicating the default hearing took place on October 24, 2019, and the foreclosure proceeding took place on September 22, 2020. However, Plaintiff did not execute this action until May 8, 2023, well outside of the statute of limitations. (ECF No. 1). Accordingly, Plaintiff fails to state a non-frivolous claim for which relief can be granted.

### CONCLUSION

Despite being advised of the deficiencies in his complaint, Plaintiff failed to correct them. As such, Plaintiff's Section 1983 Amended Complaint fails to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that Tate's Section 1983 claims Ovation Services, Ovations Holdings LLC and Marcia Pastrana, are **DISMISSED WITH PREJUDICE** pursuant to Sections 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1) of Title 28 of the United States Code for failure to state a non-frivolous claim.

**The Clerk shall send a copy of this Dismissal Order and the Judgment in this case to: Keeper of the "Three-Strikes List," Operations Division, U.S. District Court for the Western**

District of Texas, San Antonio Division, so this case may be recorded in the "Three Strikes List."

SIGNED this 16th day of August, 2023.

JASON   PULLIAM
UNITED STATES DISTRICT JUDGE